**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 00-355 (1) (JRT) |
| Plaintiff, | **MEMORANDUM OPINION AND ORDER DENYING MOTION TO AMEND CONDITIONS OF SUPERVISED RELEASE** |
| v. | |
| WILLIAM CECIL ROMIG, | |
| Defendant. | |

Jeffrey S. Paulsen, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN  55415, for plaintiff.

William Cecil Romig, Reg. No. 09694-041, Federal Prison Camp–Florence, Post Office Box 5000, Florence, CO  81226, *pro se*.

After pleading guilty to conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846, William Cecil Romig was sentenced to 264 months in prison and ten years of supervised release.  Romig's supervised release term included special conditions related to drug testing and association with gang members.  Romig now brings a motion to modify those conditions pursuant to 18 U.S.C. § 3583(e)(2) and Federal Rule of Criminal Procedure 32.1(c).  The Court will deny Romig's motion because, to the extent it seeks relief that is available under § 3583(e)(2), the motion is not ripe for adjudication.

## BACKGROUND

On March 14, 2001, Romig was charged in an 18-count Superseding Indictment along with five codefendants. (Superseding Indictment, Mar. 14, 2011, Docket No. 36.) On October 30, 2001, Romig pled guilty to conspiracy to distribute methamphetamine (Plea Agreement, Oct. 30, 2001, Docket No. 225; Minutes, Oct. 30, 2011, Docket No. 224) and was sentenced to a 264-month term of imprisonment (J. at 1-2, Apr. 16, 2002, Docket No. 276; Tr. at 10:5-7, May 14, 2003, Docket No. 318). In addition, Romig was sentenced to a ten-year term of supervised release, during which Romig is to "comply with state, federal, and local laws, comply with the rules and regulations of the probation office, [and] abide by the standard conditions of supervised release." (J. at 3; Tr. at 12:12-17.) Two special conditions of supervised release were also imposed, which provide:

1) The defendant shall submit to periodic drug testing and participate in substance abuse treatment and aftercare as directed by the probation office.

2) The defendant shall not associate with any member, prospect, or associate of the Hell's Angels motorcycle gang, or any other gang.

(J. at 4; Tr. at 12:20-24.) Romig did not object to these conditions at the time of his sentencing and did not directly appeal his conviction or his sentence, although he later filed a motion under 28 U.S.C. § 2255, again without objecting to the conditions of his supervised release. *See United States v. Romig*, Crim. No. 00-355, Civ. No. 03-2640, 2003 WL 22143730, at *1 (D. Minn. Aug. 18, 2003).

Romig now brings a motion to modify the conditions of his supervised release. Specifically, Romig requests that the Court eliminate from the terms of his supervised release the special conditions related to drug testing and gang association.

## ANALYSIS

I.  SCOPE OF SECTION 3583(e)(2)

District courts have the discretion to impose conditions of supervised release that "(1) [are] reasonably related to the sentencing factors set forth in 18 U.S.C. § 3553(a); (2) involve[] no greater deprivation of liberty than is reasonably necessary for the purposes set forth in § 3553(a); and (3) [are] consistent with any pertinent policy statements issued by the Sentencing Commission." *United States v. Kelly*, 625 F.3d 516, 519 (8th Cir. 2010) (internal quotation marks omitted); *see also* 18 U.S.C. § 3583(d). A district court is also empowered to modify, reduce, or enlarge those conditions of supervised release "at any time prior to the expiration of the period of supervised release." *United States v. Yankton*, 168 F.3d 1096, 1098 n.6 (8th Cir. 1999); *see also* 18 U.S.C. § 3583(e)(2). "[W]hen considering whether to 'modify, reduce, or enlarge the conditions of supervision,' a court is limited to considering the sentencing factors enumerated in § 3553(a), any applicable Federal Rules of Criminal Procedure, and applicable provisions for setting the initial conditions of supervised release." *United States v. Shipley*, 825 F. Supp. 2d 984, 988 (S.D. Iowa 2011) (internal quotation marks omitted).

Romig argues that the Court should eliminate the special conditions requiring drug testing and restricting association with the Hell's Angels from his terms of supervised

release, in part because (1) the conditions violate the terms of his plea agreement, (2) the sentencing judge did not make sufficient findings of a nexus between the prohibited activities and Romig's criminal conduct to support imposition of the conditions, and (3) the gang association unconstitutionally limits his freedom of association.  Although the Eighth Circuit has not directly addressed whether a district court may consider the illegality or unconstitutionality of a condition in determining whether modification is appropriate, numerous other circuit courts have determined that a motion for modification may not be used to challenge errors committed at sentencing, including the imposition of illegal or unconstitutional conditions.  *See United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002); *United States v. Hatten*, 167 F.3d 884, 886-87 (5th Cir. 1999); *United States v. Lussier*, 104 F.3d 32, 34-37 (2d Cir. 1997); *see also United States v. Raymer*, 148 F. App'x 555, 557 (7th Cir. 2005).  Instead, a defendant may challenge the illegality of conditions of supervised release only through a direct appeal, § 2255 habeas corpus relief, or by bringing a motion to correct a sentence under Federal Rule of Criminal Procedure 35.  *See Gross*, 307 F.3d at 1044; *Lussier*, 104 F.3d at 37.  The Court will not consider whether Romig's special conditions of supervised release violate the terms of his plea agreement, were unsupported by the sentencing record, or constitute an unconstitutional restriction on his freedom of association because those challenges attack the legality of the conditions and are therefore not cognizable in a motion to modify brought under § 3583(e)(2).  *See Raymer,* 148 F. App'x at 557 ("[T]o the extent Raymer argued that [the sentencing judge] erred by imposing too long a term or conditions unrelated to his crime, his motion was a disguised request for collateral relief outside the

scope of § 3583(e)(2)."); *Shipley*, 825 F. Supp. 2d at 989 (declining to consider defendant's challenges that his conditions of supervised release were unconstitutionally vague or constituted an unconstitutional delegation of authority to the United States Probation Officer).

## II.     TIMING OF MODIFICATION MOTION

In addition to arguing that the drug testing and gang association condition were invalid when imposed, Romig argues that circumstances have changed during his time in prison, rendering the conditions unnecessary to satisfy the statutory goals of sentencing. In particular, Romig argues that while in prison he has not used drugs or associated with criminals. Although § 3583(e)(2) provides that the Court may modify a condition of supervised release "at any time prior to the expiration or termination of the term of supervised release," courts have held that motions to modify conditions of supervised release are not ripe for adjudication until such time as the enforcement of the conditions is imminent. *See United States v. Zimmerman*, 481 F. App'x 199, 201 (5th Cir. 2012) ("Zimmerman is still serving his term of imprisonment and has not been subjected to the conditions of supervised release. Arguably, any challenge to the conditions is premature or unripe."); *United States v. Broome*, Civ. No. 13-678, 2013 WL 1405947, at *1 (D. Minn. Apr. 8, 2013); *cf. United States v. Thomas*, 198 F.3d 1063, 1065 (8th Cir. 1999) (declining to hear a challenge to a condition of supervised release on direct appeal because "Thomas will not be subject to the condition for nearly a decade, during which time any number of events may occur that would make the condition irrelevant. Until such time as the condition's enforcement is imminent, the dispute is only abstract."). "'A

claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Shipley*, 825 F. Supp. 2d at 989 (quoting *Texas v. United States*, 523 U.S. 296, 300 (1988)) (internal quotation marks omitted).

Here, Romig is not scheduled to be released from prison until January 16, 2020.[1] At this time, it is far from certain whether the probation office will direct him to submit to periodic drug testing and participation in substance abuse treatment, as this determination will depend upon Romig's conduct during his remaining six years in prison as well as the outcome of Romig's initial three drug tests upon release from prison, to which Romig does not object. *Cf. Broome*, 2013 WL 1405947 at *1 ("Broome will be incarcerated for three more years, is not employed, and has not taken the three drug tests mandated by his supervised release conditions. The Court cannot make a determination at this time about whether to modify these conditions."). Therefore, this is unlike cases in which defendant's imminent release from prison dictates that the court should examine the conditions for possible modification. *See United States v. Rideout*, 478 F. App'x 339, 339 (8th Cir. 2012) (concluding that a motion to modify supervised release conditions was ripe when the motion was filed six months prior to the defendant's scheduled release date). Furthermore, it is unclear at this time whether Romig's conduct while incarcerated is sufficient to eliminate the gang association condition, as his conduct regarding association could change during the next six years. *See United States v. Houston*, Crim. No. 93-746, 2013 WL 5308878, at *2 (N.D. Ohio Sept. 19, 2013) ("Because Houston is

---

[1] *See* http://www.bop.gov/inmateloc (last visited Feb. 25, 2014).

six years from release, it would be premature for me to modify his supervised release now."). Because there is no guarantee that Romig will be subjected to the conditions of supervised release to which he now objects or that the conduct upon which he relies for modification will remain unchanged over the course of the next six years, the Court will decline to consider Romig's motion to amend the conditions of supervised release at this time.[2]  Romig is not prejudiced, however, from filing a motion to modify these conditions when his release is imminent or after the commencement of his term of supervised release.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Pro Se Motion to Amend Conditions of Supervised Release [Docket No. 357] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  March 18, 2014                             s/ John R. Tunheim
at Minneapolis, Minnesota.                         JOHN R. TUNHEIM
                                                   United States District Judge

---

[2] Romig argues that the motion is ripe because before he is released to a halfway house or other home confinement situation the Bureau of Prisons will require him to sign his conditions of supervised release as evidence that he intends to abide by those conditions.  Regardless of when Romig signs any such document his term of supervised release will not begin until he is released from confinement.  *See United States v. Johnson*, 529 U.S. 53, 57 (2000) (stating that the terms of supervised release commence on the day the prisoner is "freed from confinement").  Therefore, even if Romig was required to sign such a document prior to the expiration of his sentence, the Court's analysis regarding the timeliness of the motion to modify would remain the same.  Additionally, signing a document acknowledging that he will abide by his existing conditions of supervised release would not prevent Romig from later bringing a motion to modify those conditions.