**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 00-355(1) (JRT/RLE) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER DENYING MOTION TO AMEND CONDITIONS OF SUPERVISED RELEASE** |
| WILLIAM CECIL ROMIG, | |
| Defendant. | |

Jeffrey S. Paulsen, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for plaintiff.

William Cecil Romig, 1818 East Fifth Street, St. Paul, MN 55119, *pro se* defendant.

After pleading guilty to conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846, William Cecil Romig was sentenced to 264 months in prison and ten years of supervised release. Romig's supervised release term included special conditions related to drug testing and association with gang members. Romig now brings a motion to modify those conditions pursuant to 18 U.S.C. § 3583(e)(2) and Federal Rule of Criminal Procedure 32.1(c). The Court will deny Romig's motion because the special conditions are necessary to provide Romig future deterrence and correctional treatment, and are related to his offense, history, and characteristics.

## BACKGROUND

On March 14, 2001, Romig was charged along with five codefendants in an 18-count Superseding Indictment. (Superseding Indictment, Mar. 14, 2001, Docket No. 36.) Romig pled guilty to conspiracy to distribute methamphetamine, (*see* Plea Agreement, Oct. 30, 2001, Docket No. 225), and was sentenced to a 264-month term of imprisonment, (J. at 1-2, Apr. 16, 2002, Docket No. 276; Tr. at 10:5-7, May 14, 2003, Docket No. 318). In addition, Romig was sentenced to a ten-year term of supervised release, during which Romig is to "comply with state, federal, and local laws, comply with the rules and regulations of the probation office, [and] abide by the standard conditions of supervised release." (J. at 3; Tr. at 12:12-17.) Two special conditions of supervised release were also imposed, which provide:

> 1) The defendant shall submit to periodic drug testing and participate in substance abuse treatment and aftercare as directed by the probation office.
>
> 2) The defendant shall not associate with any member, prospect, or associate of the Hell's Angels motorcycle gang, or any other gang.

(J. at 4; Tr. at 12:20-24.) Romig did not object to these conditions at the time of his sentencing and did not directly appeal his conviction or his sentence. He also did not object to these conditions when he later filed a motion under 28 U.S.C. § 2255. *See United States v. Romig*, Crim. No. 00-355, Civ. No. 03-2640, 2003 WL 22143730, at *1 (D. Minn. Aug. 18, 2003). In 2014, Romig brought a motion to modify the conditions of his supervised release pursuant to 18 U.S.C. § 3583(e)(2) and Federal Rule of Criminal Procedure 32.1(c). Romig requested that the Court eliminate from the terms of his supervised release the

special conditions related to drug testing and gang association.  The Court denied Romig's motion without prejudice, holding that § 3583 was not a vehicle for legal or constitutional challenges to terms of supervised release, and, to the extent Romig's motion sought relief available under § 3583(e)(2), the motion was not ripe for adjudication.  *See United States v. Romig*, Crim. No. 00-355, 2014 WL 1048390, at *2-3 (D. Minn. Mar. 18, 2014); *aff'd*, No. 14-2355 (8th Cir. Sept. 19, 2014).  On February 20, 2018 (approximately two months before his April 11, 2018, release[1]), Romig filed the same motion to amend his conditions of supervised release.  (*Compare* Mot., Feb. 20, 2018, Docket No. 409, *with* Mot., Nov. 8, 2013, Docket No. 357.)

## DISCUSSION

### I. SCOPE OF 18 U.S.C. § 3583(e)(2)

District courts have the broad discretion to impose conditions of supervised release that "(1) [are] reasonably related to the sentencing factors set forth in 18 U.S.C. § 3553(a); (2) involve[ ] no greater deprivation of liberty than is reasonably necessary for the purposes set forth in § 3553(a); and (3) [are] consistent with any pertinent policy statements issued by the Sentencing Commission." *United States v. Kelly*, 625 F.3d 516, 519 (8th Cir. 2010) (quoting *United States v. Bender*, 566 F.3d 748, 751 (8th Cir. 2009)); *see also* 18 U.S.C. § 3583(d); U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 5D1.3(b).  A district court

---

[1] *See* William Cecil Romig, http://www.bop.gov/inmateloc (last visited June 29, 2018).

may also modify, reduce, or enlarge those conditions of supervised release "at any time prior to the expiration of the period of supervised release." *United States v. Yankton*, 168 F.3d 1096, 1098 n.6 (8th Cir. 1999); *see also* 18 U.S.C. § 3583(e)(2). "[W]hen considering whether to 'modify, reduce, or enlarge the conditions of supervis[ed release],' a court is limited to considering the sentencing factors enumerated in § 3553(a), any applicable Federal Rules of Criminal Procedure, and applicable provisions for setting the initial conditions of supervised release." *United States v. Shipley*, 825 F. Supp. 2d 984, 988 (S.D. Iowa 2011) (quoting 18 U.S.C. § 3583(e)(2)).

As noted, Romig makes the same arguments as he did in his 2014 motion. This Court already ruled that Romig "may challenge the illegality of conditions of supervised release only through a direct appeal, § 2255 . . . , or by bringing a motion to correct a sentence under Federal Rule of Criminal Procedure 35." *Romig*, 2014 WL 1048390 at *2. Thus, the Court will not consider whether Romig's special conditions of supervised release violate the terms of his plea agreement, were unsupported by the sentencing record, or constitute an unconstitutional restriction on his freedom of association because those challenges attack the legality or constitutionality of the conditions and are therefore not cognizable in a motion to modify brought under § 3583(e)(2).

## II. MODIFICATION PURSUANT TO 18 U.S.C. § 3583(e)(2)

In addition to arguing that the drug testing and gang association conditions were illegal or unconstitutional when imposed, Romig argues that his circumstances have changed since his sentencing, rendering the special conditions unnecessary to satisfy the

statutory goals of sentencing. Particularly, Romig argues that he did not use drugs or associate with criminals while in prison. Section 3583(e)(2) authorizes the Court to consider whether Romig's supervised released terms are unnecessary because of changed circumstances. *See Shipley*, 825 F. Supp. 2d at 989.

18 U.S.C. § 3553(a) instructs the Court to consider: "the nature and circumstances of the offense and the history and characteristics of the defendant" along with "the need for the sentence . . . to afford adequate deterrence to criminal conduct; . . . to protect the public from further crimes of the defendant; and . . . to provide the defendant with needed . . . correctional treatment in the most effective manner." Romig correctly points to the Federal Sentencing Guideline Manual as a "pertinent policy statement[] issued by the Sentencing Commission." *See* U.S.S.G. § 5D1.3 (providing a list of mandatory, discretionary, standard, and special conditions of supervised release). Romig is also correct that § 5D1.3 does not contain a "non-association" special condition, notwithstanding the special condition which forbids the defendant from communicating or interacting "with someone the defendant knows is engaged in criminal activity" or someone the defendant knows "has been convicted of a felony." § 5D1.3(c)(8). But the Federal Sentencing Guideline Manual also permits the district court to impose other "Discretionary conditions" related to the § 3553(a) factors. *See* U.S.S.G. § 5D1.3(b). Thus, the Court must decide whether the two special conditions that Romig challenges remain necessary given the § 3553(a) factors.

The Court finds that both special conditions remain necessary. First, the special conditions remain related to "the nature and circumstances of the offense and the history

- 5 -

and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Second, the special conditions remain a deterrent to future criminal conduct and will protect the public by reducing the risk that Romig commits future crimes. *Id.* § 3553(a)(2)(B), (C). Third, the first special condition provides Romig with needed correctional treatment. *Id.* § 3553(a)(2)(D).

### A. Drug Testing and Substance Abuse Treatment

Romig argues the first special condition is not related to his offense, history, or characteristics and is unnecessary because the sentencing judgment contains a checked box next to the statement that the defendant "posed a low risk of future substance abuse." at the time of sentencing in 2001. (J. at 3.) Immediately below that box is an **unchecked** box for the statement that the defendant "shall not possess a firearm," a standard condition of supervised release for a felony conviction like Romig's. U.S.S.G. § 5D1.3(c)(10). The sentencing judge stated at sentencing that two terms of Romig's supervised release are that he is not to possess a firearm and that must participate in "drug testing or aftercare" as recommended by the probation office. (Tr. at 12:12-21.) The latter special condition relates to Romig's history of eight drug felonies and reflects the sentencing judge's concern about Romig's potential recidivism. (Tr. at 10:2-14.) The Court finds that the checked box next to the statement that the defendant "posed a low risk of future substance abuse" was a clerical error and **should not** have been checked; and that the unchecked box next to the statement that the defendant "shall not possess a firearm" **should** have been checked.[2]

---

[2] The Court will issue an amended sentencing judgment to correct this clerical error.

Romig also argues the first special condition is unnecessary because he voluntarily completed the Bureau of Prisons's substance abuse program and refrained from using drugs while in prison. Although the Court commends Romig for remaining clean while in prison, the Court looks at Romig's entire history of drug dependence when determining whether to modify a special condition. *See Shipley*, 825 F. Supp. 2d at 989. Because Romig was using a quarter of a gram of methamphetamine per day before his arrest, (PSR ¶ 113), and had eight previous drug convictions, (*Id.* ¶¶ 87-94), the Court finds the first condition remains necessary to prevent further drug abuse and to provide Romig with needed correctional treatment. *See* 18 U.S.C. § 3553(a)(2)(D).

### B. Association with Hells Angels

Romig similarly argues the second condition – prohibiting Romig from associating with the Hells Angels motorcycle gang – is unrelated to his offense, history, or characteristics, and is unnecessary. Mainly, Romig argues "there is no evidence to suggest [Romig's] offense had anything to do with the Hells Angels motorcycle club or any other motorcycle club, gang or organization." (Mot. at 5.) Romig contends the Court erroneously presumed his drug crimes were related to his association with the Hells Angels. But "the legitimate possibility that [the defendant's] continued association with a lawful group will result in further unlawful activity is sufficient to justify the imposed restrictions." *United States v. Fukushima*, 933 F.2d 1016, 191 WL 80343, at *4 (9th Cir. 1991) (unpublished table opinion). Here, there is a legitimate possibility Romig's association with the Hells Angels will result in further unlawful activity because Romig

committed previous drug felonies with Hells Angels's members and Romig associated with the Hells Angels at the time of sentencing. (*See* PSR ¶¶ 9-11.)

Also, courts have upheld similar special conditions restricting association with lawful groups for the purpose of "deterring criminal conduct." *See United States v. Danza*, 172 F.3d 59, 1999 WL 62730, at *1 (9th Cir. 1999) (unpublished table decision). The second special condition serves to deter Romig from future crime because the condition forces Romig to associate with different peers than those with whom he surrounded himself during his previous criminal conduct. Thus, the second special condition is sufficiently related to Romig's past crimes and, alternatively, serves the purpose of deterring Romig from committing future crimes.

*       *       *

In sum, both special conditions are related to Romig's history of drug offenses and particularly to his offense of conspiracy to distribute methamphetamine. Further, both special conditions are necessary to advance goals provided in § 3553(a): deterring Romig from committing future crimes and providing Romig with needed correctional substance abuse treatment.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Romig's Pro Se Motion for Extension of Time to File Response/Reply [Docket No. 414] is **GRANTED**.

2. Romig's Pro Se Motion to Amend Conditions of Supervised Release [Docket No. 409] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: July 20, 2018　　　　　　　　　　_____s/John R. Tunheim_____
at Minneapolis, Minnesota.　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　　　　　United States District Court